UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUES SAADE, * * Plaintiff, * * v. * * WILMINGTON TRUST, NATIONAL * ASSOCIATION, as Trustee of MFRA TRUST * 2014-2, FAY SERVICING LLC, PNMAC * MORTGAGE CO., LLC, CHRISTIANA TRUST, * DOES, * * Defendants. * * | Civil Action No. 18-cv-11534-IT |
| JACQUES SAADE, * * Plaintiff, * * v. * * FAY SERVICING, LLC, WILMINGTON TRUST, * NATIONAL ASSOCIATION, as Trustee of * MFRA Trust 2014-2, PNMAC MORTGAGE CO., * LLC, CHRISTIANA TRUST, DOES, * * Defendants. * * | Civil Action No. 18-cv-11873-IT |

MEMORANDUM & ORDER DENYING
MOTION FOR PRELIMINARY INJUNCTION

TALWANI, D.J.

I. Background

On February 25, 2019, Plaintiff Jacques Saade filed an emergency motion in Civil Action 18-cv-11534 asking the court to enjoin the foreclosure of his property, which is scheduled to

occur on March 1, 2019. Mot. for Prelim. Inj. [#45].[1] Saade argues that the May 18, 2018, Notice of Foreclosure is defective under M.G.L. c. 183, § 21, and M.G.L. c. 244, § 15A, because it does not comply with the terms disclosed in paragraph 22 of his mortgage agreement ("Paragraph 22"), and because there are open questions as to the proper ownership of the mortgage.

The motion is DENIED.

II.     Standard

A court may grant a plaintiff's motion for preliminary injunction if he shows: (a) a reasonable likelihood of success on the merits of his claim; (b) that he will suffer irreparable injury if the injunctive relief is not granted; (c) that the injury he will suffer in the absence of an injunction outweighs the injury to the defendant that will result from the injunction; and (d) that the injunction would not harm the public interest. E.g., Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013) (citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)). The likelihood of success on the merits "is the main bearing wall of the four-factor framework," Ross-Simons, 102 F.3d at 16 (citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993); Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981)), and a movant's failure to establish a likelihood of success on the merits is a sufficient reason to deny a motion for preliminary injunction. Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 32 (D. Mass. 2014) (denying a motion for preliminary injunction to foreclose a mortgage because Plaintiffs failed to establish that they had a likelihood of success of the merits of their argument that the Defendant did not hold their mortgage or note).

---

[1] The motion also requested that the case be remanded to Land Court. Mot. for Prelim. Inj. [#45], at 1. The court has denied this portion of the motion in a prior order. Mem. & Order [#50].

III.     Plaintiff Has Failed to Show a Reasonable Likelihood of Success

Saade offers several arguments as to the likelihood of success on his claim. First, he correctly notes that Massachusetts courts require strict compliance with the Paragraph 22 provisions. See Thompson v. JP Morgan Chase Bank, No. 18-1559, 2019 WL 493164 (Feb. 8, 2019, 1st Cir.). Plaintiff argues next that the lender to whom any amounts are owed in connection with the mortgage on his property (and thus the party that should have sent the Notice required by Paragraph 22) is Citimortgage, not the Defendants here. Finally, Plaintiff argues that regardless of which lender is involved, the May 31, 2018, Notice of Foreclosure was invalid because it was issued by a law firm on behalf of a servicer instead of directly by the lender.

Defendants do not disagree that strict compliance with Paragraph 22 is required, but defend first on the ground that the claims are all barred by *res judicata*. Defendants' *res judicata* defense succeeds as to Saade's claim that Citimortgage is the lender.

A party is barred from raising claims that he made or could have made in his prior federal or state court suit. See Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 30 (1st Cir. 2010); Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005) Defendants' *res judicata* defense thus precludes litigation of Saade's claims when the following elements have been established: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identity between the causes of action asserted in the earlier and later suits, and (3) sufficient identity between the parties in the two actions. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1998). Here, the first two elements are met by the final judgment entered in this court in three prior proceedings in November 2016 and January 2018, with causes of actions relating to the same dispute regarding

Citibank's transfer of the mortgage. See 15-cv-12275 ("First Action"), Order Dismissing Case, November 16, 2016 [#127]; 15-cv-13611 ("Second Action"), Order Dismissing Case, November 28, 2016 [#42]; 16-cv-11982 ("Third Action"), Order Dismissing Case, January 25, 2018. As to the third element, in the earlier federal actions, Saade challenged the assignment of the mortgage to PNMAC Mortgage Co. (and related entities), and Christiana Trust, a division of Wilmington Savings Fund Society, FSB. Defendants' uncontradicted affidavits here show that Christiana Trust subsequently assigned the Mortgage back to PNMAC, and PNMAC assigned the Mortgage to the Defendant Wilmington Trust, National Association, as Trustee of MFRA Trust 2014-2, (the "Trust") and that Defendant Fay Servicing, LLC, ("Fay") is the current loan servicer on behalf of the Trust. See Def. Mot. to Dismiss, Ex. B [#6-3], at 7-9; Def. Mot. to Dismiss, Ex. B [#6-3], at 10-11; Aff. of Vonterro White [#58], ¶ 6. Accordingly, the court finds sufficient identity between the parties.[2]

Moreover, as reported in yet another action, a state land court has concluded that claims against the parties here are barred by the prior federal actions. See Land Court decision in 19-MISC-000067 (the "2019 Land Court action") (reporting that in 18-MISC-000432 (the "2018

---

[2] Saade argues that the earlier decisions are incorrect, in part because the dismissal of Citimortgage, Inc. was without prejudice in the Second Action but given preclusive effect as to his claims against Citimortgage, Inc. in the Third Action. Saade is correct that Citimortgage was dismissed in the Second Action without prejudice for lack of service. But that dismissal of Citimortgage for lack of service does not resurrect the claims dismissed with prejudice in the First Action, to which the court gave preclusive effect in the Third Action. 16-cv-11982, Mem. & Order [#81] at 16-18. Nor does the dismissal without prejudice of Citimortgage in the action undermine the preclusive effect of the judgments as to the PennyMac Defendants and Christiana Trust. In any event, to the extent Plaintiff is dissatisfied with the ruling in the Third Action, his forum, if any, is in the United States Court of Appeals for the First Circuit, where his appeal is pending. See Notice of Appeal, Saade v. Wilmington Saving Fund Society et al,16-cv-11982-IT (Feb. 20, 2018, D. Mass) (Talwani, J.) (Dkt. 101). Notably, Petitioner's request for emergency relief in that court was denied on February 13, 2019. See Order Denying Motion for Emergency Preliminary Injunction, Saade v. Wilmington Savings Fund Society, et al., No. 18-1156 (Feb. 13, 2019, 1st Cir.).

Land Court action") the judge declared that all of Saade's challenges to events surrounding the 2006 mortgage that predate October 2015 are barred under the doctrine of *res judicata*). Judgment has been entered in that case, *Jacques Saade v. Wilmington Trust, et al.*, No. 18MISC000432 (Sep. 27, 2019, Mass. Land Ct.) (Lombardi, J.), and accordingly, Plaintiff's claims regarding Citimortgage's transfer of the mortgage are further barred by the state court judgment.

Plaintiff's claim that a law firm representing a servicer was not the appropriate entity to send the Paragraph 22 Notice on May 31, 2018, was not resolved by this court in the litigation that concluded in January 2018. Nor was the issue finally resolved in the subsequent litigation in state court. See 2019 Land Court decision (rejecting Defendants' argument that this issue is precluded by the 2018 Land Court decision where the complaint in the 2018 Land Court action didn't mention the paragraph 22 issue, and staying action there pending final judgment in the actions pending in this court).

On the merits of this claim, Plaintiff relies on Paiva v. Bank of N.Y. Mellon, 120 F. Supp. 3d 7, 10 (D. Mass. 2015) for his argument that a law firm representing a servicer cannot send the notice required by paragraph 22 of the mortgage on behalf of the lender. In Paiva, the original lender, MERS as nominee for Countrywide Home Loan, Inc., assigned the mortgage to a second lender. After the mortgage was assigned, Countrywide sent out the Notice of Default. The court found that this Notice did not strictly comply with the requirements of Paragraph 22 that the Notice be sent by the lender, since at the time the Notice was sent, Countrywide was no longer the lender, and merely the servicer.

The court agrees with the Paiva decision only to the extent that the servicer sending the Notice of Default sends it on behalf of the prior lender or fails to identify the lender at the time of

the Notice. But here, the Notice of Default was sent on behalf of the identified current lender. Mot. for Prelim. Inj. [#45-1], at 4 ("[T]his firm has been retained by Fay Servicing, LLC as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 (the 'Mortgagee') . . . ."].[3] Saade has not provided, and this court has not found, further authority for the notion that strict compliance with Paragraph 22 precludes the lender from acting through its agents, such as the servicer or a law firm, where the lender is explicitly identified. See Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 828, 44 N.E.3d 863, 866 (2016) ("General agency principles apply in the context of mortgage foreclosure sales."). Accordingly, Saade has not shown a substantial likelihood of prevailing on the merits of this claim.

Accordingly, the court hereby DENIES Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED.

Date: February 28, 2019   /s/ Indira Talwani
United States District Judge

---

[3] Defendants have provided affidavits both from the law firm and the servicer attesting to the law firm's role as foreclosure counsel for the servicer of the subject mortgage loan, Fay Servicing, LLC ("Fay") on behalf of the Trust. Aff. of John S. McNicholas [#57]; Aff. of Vonterro White [#58].